[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
Boliden Metech, Inc., Boliden Ore Metals, AB and Boliden Metall, AB (hereinafter referred to as defendants), have filed a motion to dismiss for plaintiff's failure to comply with Rule 17(a) and Rule 19, a motion to add additional parties and consolidated motions to dismiss and for sanctions. The defendants have moved to dismiss this civil action on the ground that plaintiff failed to join the real parties in interest as required by Rule 17(a) and have also moved to dismiss because the plaintiff failed to join indispensable parties pursuant to Rules 19(a) and 19(b).
The defendants have also moved to dismiss on the ground that the plaintiff failed to set forth the names of those entities known to the plaintiff who ought to be parties in order for complete relief to be afforded and because the plaintiff failed to state why those parties who were not joined were omitted pursuant to Rule 19(c).
The defendant has also moved that the case be passed, that the Court order discovery proceedings to be reopened and that the Court order the plaintiff to pay all costs incurred by the defendants from the date that this case was reached before this Court for trial, including counsel fees. Defendants have also alleged that plaintiff's counsel have engaged in conduct violative of Supreme Court Rule 47 and Superior Court Rules of Civil Procedure 17, 19, 33, 34 and 37. Defendants have argued that the conduct of plaintiff and plaintiff's counsel has severely hampered defendants' ability to defend against plaintiff's claim and to effectively prosecute their counterclaim. As will be addressed later, that claim of improper conduct is without supporting fact and is meritless.
This action began in June of 1984 when Refinemet filed this complaint alleging that defendant Boliden Metech, Inc. had committed certain fraudulent acts, was guilty of negligence and breach of contract arising out of a business transaction that occurred in May of 1983.
In April of 1988, plaintiff amended its complaint and added Boliden Ore Metals, AB and Boliden Metall, AB as defendants.
In December of 1991 defendants amended their answer to include a counterclaim against Refinemet and the matter was reached for trial before this Court on February 10, 1992. This Court referred the matter to a Special Master, Netti Vogel, Esquire, for the determination of certain issues, and subsequently hearings were conducted, in accordance with the Court's written order, from March 23, 1992 to June 24, 1992 when those hearings were temporarily recessed.
Defendants allege that plaintiff, with the assistance of counsel, concealed the fact that on August 29, 1985 its interest in this claim was conveyed to Ocean Finance Corporation; that on August 29, 1985 Ocean assigned "a substantial interest in this case" to Mandel Sherman; and that on August 29, 1985 Refinemet engaged Sherman to assist in the disposition of its assets which included this lawsuit. The defendant asserts "these facts were not revealed by plaintiff until June 4, 1992."
In support of its claim that the real parties in interest have not been included, the defendant refers to the fact that on or about January 29, 1982 R.M.I. Refinery Inc., a subsidiary or affiliate of Refinemet, negotiated certain credit arrangements with the Chase Manhattan Bank, European American Bank, National Association and National Westminster Bank. A loan purchase agreement dated August 29, 1985 was appended as Exhibit A to the defendant's memorandum in support of its motions. The defendants point out that these documents were not produced by Sherman until June 4, 1992.
The defendants assert that in conjunction with the credit arrangements mentioned above, the lenders entered into a security agreement dated January 29, 1982 with subsequent amendments which, among other things, designated Chase as security agent for the lenders. The defendants also state that in February of 1983 Refinemet executed a guarantee in favor of Chase as agent for the lenders under the security agreement referenced above. The defendants allege that on February 15, 1983 Sherman, who was at the time the majority share holder and chief executive officer of Refinemet, executed a guarantee in favor of Chase whereby he personally guaranteed the obligations of R.M.I. to Chase.
The defendants also assert that Refinemet in September of 1984 executed a pledge agreement assigning its interest in this lawsuit to Chase in Chase's capacity as agent for the lenders, and that the plaintiff concealed that assignment from the defendant Boliden Metech, Inc. and from this Court. The defendants also point out that in December of 1984 Sherman sold his holding in Refinemet to A-Mark Financial Corporation, a California company, and that plaintiff, Refinemet, the lenders, Sherman and A-Mark on or about August 29, 1985 entered into a series of agreements by which, among other things, A-Mark created Ocean as a wholly owned subsidiary; Ocean purchased all of R.M.I.'s loans including security interests and collateral from the lenders and that this purchase included plaintiff's interest in this lawsuit; that Sherman and Ocean entered into an agreement whereby Sherman personally guaranteed $2,000,000. of R.M.I.'s obligation to Ocean and Ocean agreed to share any proceeds derived from this lawsuit with Sherman. The defendant also points out that Refinemet engaged Sherman to serve as its agent to assist in the disposition of assets including the collection of receivables.
The defendant complains that when these transactions took place in August of 1985 Refinemet failed to advise the defendants or the Court of two significant facts: (1) that its interest in this lawsuit had been conveyed to Ocean who in turn assigned a substantial portion of its interest in this lawsuit to Sherman, and (2) that Sherman had been engaged by Refinemet to assist in the liquidation and disposition of its assets.
A secondary issue which requires a brief recital of the facts relates to certain documents whose whereabouts were first disclosed in the hearing before the Special Master. On June 26, 1984 Refinemet and Sherman maintained offices in buildings owned by Sherman located on Main Street in Woonsocket. In August of 1984, defendant Boliden Metech, Inc. made a certain request for production whose contents defendants say were included in the file. Plaintiff in response produced documents also listed in the file and in both memoranda submitted to the Court.
The defendants have also referenced certain other requests together with depositions and subpoenas.
In August of 1987 Refinemet filed a Chapter 11 petition in bankruptcy in the United States Bankruptcy Court for the Central District of California at Los Angeles. Refinemet has maintained the status of debtor-in-possession in that proceeding. In March of 1985 Refinemet received permission from the Bankruptcy Court authorizing the employment of counsel for the plaintiff and his firm as special counsel for the debtor-in-possession. Defendants allege that the plaintiff failed to advise the Bankruptcy Court that its interest in this lawsuit "had been previously conveyed to Ocean who in turn had assigned a substantial interest in said lawsuit to Sherman".
On November 21, 1990 defendants filed a motion for leave to amend their answer to include a counterclaim. This was objected to and was denied pending application by the defendants in Bankruptcy Court for relief from the automatic stay.
The defendants filed a second motion for leave to amend their answer to include a counterclaim on November 19, 1991 and that motion was granted.
The defendants point out that when the action was reached for trial before this Court on February 10, 1992 and during opening statements by the plaintiff with Mandel Sherman "present in the courtroom", that neither plaintiff's counsel nor Sherman "advised the Court that the plaintiff's interest in this lawsuit had been conveyed to Ocean who in turn had assigned a substantial portion of its interest to Sherman". The defendant also stated that counsel for the plaintiff asserted to the Court that it had no records in its possession that related to the defendants' counterclaim.
The defendants claim that there was a deliberate, intentional and orchestrated attempt by Sherman and/or plaintiff to conceal records which the defendants allege Sherman was aware of and which he had access to all during the course of these proceedings.
During the proceedings before Special Master Netti Vogel, Sherman was asked the following question by Special Master:
 Ms. Vogel: May I ask a question please. If the records were not physically transferred with the sale of your shares to the Markoff company, what happened to the records? And these are the records I'm referring to, A., the cartons that were brought down or back from Metech that you've testified about; B., any and all records that were received or made subsequent to the execution of the Inventory Agreement which would include written communications you received as the Providence inventory was being sold off. What happened to those records?
 The Witness: There are voluminous records at Refinemet in Woonsocket.
The defendant asserts that Sherman's answer "represented a revelation concerning the plaintiff's records that was startling to defendants and to the Special Master". The defendants were immediately and freely given access to certain records which were stored in Woonsocket. A number of records relating generally to the matters referenced above were found.
Defendants allege that there was a deliberate attempt to conceal the existence of the records referenced at the hearing before the Special Master. Defendants also allege that their case has been prejudiced, that the rules respecting timely discovery have been violated, that the events asserted by the defendants demonstrate a course of conduct on the part of plaintiff and plaintiff's counsel and Sherman which defendants characterize as "a subterfuge and an indication of disdain for the rules of conduct and the rules of procedure".
ISSUES
This Court finds that the assignor of the collateral security in the instant matter is the real party in interest, that Refinemet is a real party in interest since its claim against defendants is the property of the bankrupt estate under Chapter 11 over which Refinemet as debtor-in-possession has retained exclusive control. The Court also finds that Sherman, Chase, Ocean and A-Mark are legally neither indispensable nor necessary parties and should not be joined in this action. The Court notes that the defendants have no direct claim against Sherman, Chase, A-Mark or Ocean Finance. Refinemet has a real interest in its claim against defendants since that claim was not assigned. The Court notes that Refinemet gave a security interest in the proceeds that it may obtain as a result of this action. The Court does not construe this as an assignment of Refinemet's rights against the defendants. Moreover, Refinemet's status as a real party in interest is in light of the Chapter 11 bankruptcy proceeding undisputed. This Court also wishes to point out that the Bankruptcy Court had full knowledge that Refinemet had given a security interest in its proceeds in the subject claim and in fact specifically authorized Refinemet to proceed with this action.
There are no parties in interest who should be joined. The defendants ignore the rule that a mere assignment of rights does not expose an assignee to personal liability nor does an assignment of rights delegate duties.
The facts presented to the Court clearly disclose the parties' intention to create a security interest. The Court points out first that the initial reference to "security agreement", the subsequent statement that "as additional security we hereby assign", and the final statement that "proceeds shall be considered collateral" are clear indications that the parties sought only to furnish additional security to Refinemet's lender who at the time was Chase and to various other banks. It is clear that any subsequent transfer by Chase to Ocean did not change the nature of the initial transaction. There was merely an agreement to confer a security interest and not an outright transfer of property. It is clear that Sherman is not a party to any agreement with Refinemet but has a financial interest in theoutcome of this litigation pursuant to a guarantee agreement entered into between him as guarantor and Ocean Finance, an agreement to which Refinemet is not a party. It is clear that assignment of this security interest does not affect this suit.
It is equally clear that during the hearings before the Special Master the nature and extent of Mandel Sherman's financial interest was freely disclosed and explained by Sherman who was the initial witness at the hearings held by the Special Master.
It is the judgment of this Court that there has been no failure on the part of the plaintiff to produce information requested by the defendants, that there has been no intentional, orchestrated attempt to conceal documents from defendants. It should be noted that the defendants never filed any request with respect to documents from the plaintiff concerning the scrap material which is included in the Providence inventory. The request for production cited by defendants does not call for those documents.
This Court has examined relevant portions of the hearings before the Special Master together with pleadings and memoranda submitted to the Court. This Court expressly finds that plaintiff and plaintiff's counsel have at all times exercised good faith in making discovery available to the defendants including the specific requests which are the subject of defendants' motions. There is no indication anywhere in the voluminous records of this case requesting production of the kinds of records which the defendants now claim have been suddenly revealed to them at the hearing before the Special Master. It is also clear that the records in question were essential in preparing a defense by the plaintiff of the counterclaim. It is also clear from a reading of the documents that plaintiff's counsel first saw the records respecting the Providence disposition, that is to say the sale of the Providence inventory, when they learned at the hearing of the storage facility where records might be kept.
Moreover, when specifically asked by the Special Master to point out any request for production which referred to the documents in question, the defendants were unable to do so. It is clear from a reading of the file provided to the Court at the hearing on defendants' motion that plaintiff's counsel did not know the documents existed and did not know that those records were in fact in a storage facility. It is clear from the twelve weeks of hearings before the Special Master that even though production had never been validly requested, the plaintiff did in fact voluntarily allow defendants to examine all of Refinemet's records in the storage facility. The hearing before the Special Master reveals that Mandel Sherman informed defendants that Refinemet still retained records, operated in Rhode Island under the control of A-Mark. It was not until Sherman was asked at the hearing before the Special Master where the records of Refinemet were stored that he freely answered that they were stored in Woonsocket. The access of defendants to those records was full and complete and probably provided defendants with material which would have been beyond the ordinary scope of discovery permitted under the rules of civil procedure.
Although the defendants have asserted that they have been prejudiced by not having the documents at the commencement of the hearings, the defendants have failed to state with any degree of specificity the manner in which they have been prejudiced. The Court accordingly finds as a fact that the defendants have not been so prejudiced.
It is clear that none of defendants' motions are in order to be granted and that no further discovery is required. All motions by the defendants are denied and the Court orders that the hearings before the Special Master be resumed as soon as reasonably practical. An order to this effect shall be presented for entry on or before April 20, 1993.